UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELIZABETH FONTENOT | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| BRINKER LOUISIANA INC. D/B/A CHILI'S GRILL & BAR AND ABC INSURANCE COMPANY | MAGISTRATE JUDGE: |

*******************************************************************************

## NOTICE OF REMOVAL

Defendant, Brinker Louisiana Inc., (hereinafter "Defendant") hereby removes the action captioned "*Elizabeth Fontenot v. Brinker Louisiana, Inc. d/b/a Chili's Grill & Bar and ABC Insurance, Inc.*" bearing docket number 162249, Section "1", on the docket of the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division. In support of this notice of removal, Defendant pleads the following grounds:

I.

On May 14, 2020, this civil action was filed by Plaintiff, Elizabeth Fontenot ("Plaintiff"), in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, bearing docket number 162249, Section "1" and captioned "*Elizabeth Fontenot v. Brinker Louisiana, Inc. d/b/a Chili's Grill & Bar and ABC Insurance, Inc.*" ("Petition"). *See* Affidavit of Counsel, attached hereto as **Exhibit A** and Petition for Damages, attached hereto as **Exhibit B**.

II.

On information and belief, Plaintiff was at the time of the filing of this action, and still is, a resident and domiciliary of the State of Louisiana.

III.

Brinker Louisiana, Inc., is a Virginia corporation whose principle place of business is in

Dallas, Texas.

IV.

The Petition and Citation were served Brinker Louisiana Inc., on May 28, 2020.

V.

No other defendants have been named in the suit, aside from Brinker Louisiana, Inc., and therefore, the consent of other defendants is not required pursuant to 28 U.S.C. § 1446(b)(2).

VI.

In Plaintiff's Petition, it is alleged that on July 11, 2019, Plaintiff was a patron at Chili's Bar & Grill restaurant in Bossier City, Louisiana, and slipped and fell on water on the floor near her table. *See generally,* **Exhibit B**, Petition for Damages, ¶ 3. Plaintiff claims that she is entitled to recover damages for injuries incurred as a result of this incident and alleges that her damages were caused by the negligence of Brinker Louisiana, Inc. *See generally,* **Exhibit B**, Petition for Damages.

VII.

On the face of the Petition, Plaintiff does not specify the nature or extent of her alleged injuries or the treatment necessitated by same and thus do not establish the requisite amount in controversy. Specifically, in the Petition, Plaintiff generally alleges that as a result of the incident, she suffered "Severe and disabling injuries" and alleges entitlement to general categories of damages, including mental and physical pain and suffering, medical expenses, mental anguish and emotional distress, permanent damage and disability, loss of enjoyment of life, and lost wages. *See* **Exhibit B**, Petition for Damages, ¶¶ 3, 5.

VIII.

On November 4, 2020, the undersigned counsel received discovery responses from plaintiff. *See* **Exhibit A**, Affidavit of Counsel; *see also* **Exhibit C**, Plaintiff's Discovery Responses. Therein, Plaintiff first articulated that she alleges the incident caused her to suffer "a right shoulder torn

rotator cuff, neck, right knee, left leg and back pain." Plaintiff further alleges that she "suffers a broken left ankle from her left leg giving out due to her back pain." *See* **Exhibit C**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 12. Her discovery responses further describe that she has been recommended a "right shoulder arthroscopy, debridement, subacromial decompression, acromioplasty, distal clavicle resection, rotator cuff repair, biceps tenodesis v. tenotomy." *See* **Exhibit C**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 17.

IX.

Plaintiff's discovery responses also itemize past medical expenses of at least $20,835.18. Plaintiff notes that a few invoices remain outstanding and the total for past medical specials will be higher. *See* **Exhibit C**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 14.

X.

Further, on November 9, 2020, the undersigned received the document production from Plaintiff containing medical treatment records. *See* **Exhibit A**, Affidavit of Counsel. The production includes a cervical MRI study, where the interpreting radiologist noted disc bulging or herniations. *See* **Exhibit A-1**, Cervical MRI. Further, plaintiff produced a right shoulder MRI, where the interpreting radiologist noted a full thickness infraspinatus tendon tear, and the recommendation of Dr. Fenn for the shoulder procedure previously described. *See* **Exhibit A-2**, Shoulder MRI; **Exhibit A-3**, Dr. Fenn, September 3, 2020, Office Note. In the last treatment visit provided, from October 15, 2020, Dr. Fenn noted the fall and ankle fracture and recommended an ankle MRI. Dr. Fenn also reiterating the surgical recommendation and recommended bilateral epidural steroid injections (ESIs) at L4-5 and L5-S1. **Exhibit A-4**, Dr. Fenn, October 15, 2020, Office Note. As such, Plaintiff's treatment appears to be ongoing, including further contemplated treatment for her fractured ankle, a recommended shoulder surgery, and recommendations for lumbar ESIs.

XI.

Defendant was not placed on notice that the amount in controversy exceeds $75,000, until at least November 4, 2020, when the undersigned received discovery responses indicating treatment and imaging studies for neck and low back pain radiating to the extremities, a broken ankle, and a recommended shoulder surgery. Further, the discovery responses itemized past medical expenses of at least $20,835.18. *See* **Exhibit A**, Affidavit of Counsel. Receipt of the later medical records further evidence continued treatment for a fractured ankle and recommendations for ESIs to plaintiff's lumbar spine. Together, the past and future medical treatment and past medical expenses demonstrate that the amount in controversy exceeds the jurisdictional minimum. *See* **Exhibit A**, Affidavit of Counsel.

XII.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and § 1367(a) and is thus removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq., because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XIII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

XIV.

The law is clear that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

XV.

In the instant matter, federal jurisdiction was not "unequivocally clear and certain" until receipt of the discovery responses, medical records, and medical bills evidencing past medical specials of at least $20,835.18 and medical treatment for neck and low back pain, shoulder pain, ankle pain and fracture, and recommended shoulder surgery and lumbar ESIs.

XVI.

As such, this matter is appropriately before the court under diversity jurisdiction because it is between citizens of different states, with an amount in controversy that exceeds $75,000, and filed within thirty days of receipt of other paper from which the undersigned was first able to ascertain the applicability of the court's jurisdiction.

XVII.

In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders to date in state court have been requested from the Clerk of Court of the 17th Judicial District Court for the Parish of Lafourche and will be filed in the record of this Honorable Court promptly upon receipt.

XVIII.

In compliance with 28 U.S.C. §1446 (d), Defendant hereby certifies that notice of removal is being served to all adverse parties, and to the Clerk of Court of the 26th Judicial District Court for the Parish of Bossier, State of Louisiana.

**WHEREFORE**, defendant, Brinker Louisiana, Inc., prays that this cause be removed from the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Western District of Louisiana, Shreveport Division.

Respectfully submitted,

*/s/ Megan S. Peterson*
Benjamin R. Grau (Bar No. 26307)
Megan S. Peterson (Bar No. 34026)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:   (504) 569-2030
Facsimile:    (504) 569-2999
E-Mail:       beng@spsr-law.com
              meganp@spsr-law.com
              alexandrac@spsr-law.com
**Attorneys for Defendant, Brinker Louisiana, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon those listed below by electronic and United States mail, postage prepaid and properly addressed, this **2nd** day of **December**, 2020:

**Counsel for Plaintiff, Elizabeth Fontenot**
Jeanne K. Demarest, Esq.
J. Bart Kelly, III, Esq.
Roderick "Rico" Alvendia, Esq.
Kurt M. Zuzulak, II, Esq.
Jennifer Kuechmann, Esq.
ALVENDIA, KELLY & DEMAREST, LLC
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Email:  jeanne@akdlalaw.com
        jenniferk@akdlalaw.com

*/s/ Megan S. Peterson*